UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON GOMEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE GREAT AMERICAN PLUMBING COMPANY, INC., et al.,<br><br>　　　　Defendants. | Case No.  5:15-cv-02465-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

## I.   INTRODUCTION

Plaintiffs Jason Gomez and Ezekiel Contreras were employed by Defendant The Great American Plumbing Company, Inc. ("GAPC") as construction and repair plumbers. They allege in this wage-and-hour action that GAPC failed to pay them accurate wages. On September 28, 2015, this court issued a Case Management Order ("CMO") which, inter alia, provided a deadline by which the parties could amend their pleadings according to Federal Rule of Civil Procedure 15. Dkt. No. 27. That deadline expired on or about November 27, 2015, and the parties thereafter stipulated that Plaintiffs Jason Gomez and Ezekiel Contreras (collectively, "Plaintiffs") could file a Second Amended Complaint ("SAC") in order to remove class action allegations. Dkt. No. 34. The SAC has been the operative pleading in this action since late December, 2015.

Plaintiffs now move for leave to file a third amended complaint in order to add a new defendant, Beryl Evelyn Blackstone, because she is part-owner of GAPC and, according to them, had the power to discipline Plaintiffs and control their compensation. Dkt. No. 40. GAPC and another defendant, Mark Anthony McGinnis (collectively, "Defendants"), oppose the motion.

This matter is suitable for decision without oral argument. Civ. L. R. 7-1(b). Having

reviewed the parties' motion pleadings in conjunction with the record, the court has determined that Plaintiffs failed to establish the good cause necessary to justify the amendment sought. Accordingly, the court will decline their request for leave to file a third amended complaint.

## II.   DISCUSSION

Because there appears some confusion as to the applicable legal standard, the court first frames the issue before it.  Though Plaintiffs argue the amendment is appropriate under Federal Rule of Civil Procedure 15, the instant request is primarily governed by Federal Rule of Civil Procedure 16 and properly construed as a motion to amend the CMO.[1]  This is so because the deadline for amendment to the pleadings expired months before Plaintiffs made the amendment request.  Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").

Under Rule 16, a party seeking to amend a scheduling order must demonstrate "good cause" for such relief.  Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Diligence on the part of the moving party is the main focus of the inquiry.  See Johnson, 975 F.2d at 609.  If, and only if, the requisite good cause is shown, the court then turns to an examination of the relevant factors under Rule 15.  Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008); Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").  To the extent Plaintiffs contend there is no difference between the analyses that must be undertaken pursuant to Rules 15 and 16, they are mistaken.  Johnson, 975 F.2d at 609 (explaining that an evaluation of good cause under Rule 16 is not coextensive with an analysis under Rule 15).

The court is also mindful of what does and does not constitute good cause.  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id. (internal quotations omitted).  "[N]ot only must parties

---

[1] To be sure, the court notified the parties in the CMO that amendments sought after the deadline to amend the pleadings "must comply with Federal Rule of Civil Procedure 16."

2
Case No.: 5:15-cv-02465-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609.

Here, Plaintiffs have not shown they diligently attempted to discover Blackstone's potential involvement in the conduct described in their pleadings.  To that end, the court observes this action was commenced over one year ago and, save for the removal of class action allegations, has not materially changed.  GAPC has always been named as a defendant, and Blackstone was listed in the Certificate of Interested Parties filed by Defendants on September 2, 2016.  Dkt. No. 24.  Thus, the fact that Blackstone may at the very least have information relevant to Plaintiffs' claims was known by that date.  Yet, in the Joint Case Management Conference Statement filed on September 25, 2016 (Dkt. No. 26), the parties indicated that no amendments were anticipated.  The court relied on that statement to set the deadline for amendments to the pleadings as well as other deadlines, including those related to the completion of discovery and the filing of dispositive motions.

Moreover, Plaintiffs do not convincingly explain why they waited until May, 2016, to seek to add Blackstone as a defendant in light of the deadline set according to their own representation.  Plaintiffs suggest they were unaware of potential claims against Blackstone until they began preparing a mediation brief submitted sometime between January, 2016, and April, 2016.  But given Defendants' identification of Blackstone several months earlier, Plaintiffs also needed to explain what efforts they undertook between September, 2015, and the date the mediation brief was prepared to determine whether or not Blackstone was a relevant witness or someone that should be added to this action as a defendant.  This explanation is particularly relevant under these circumstances because it appears that some of the information now cited by Plaintiffs in support of this motion, such as a filing with the State of California Contractor's Licensing Board, has been available to them since the commencement of this action.

3

Case No.: 5:15-cv-02465-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

1  The Ninth Circuit has advised that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610.  Plaintiffs have failed to demonstrate they diligently attempted to adhere to the deadlines designated in the CMO, and have not shown that the CMO provided an inadequate amount of time for them to discover Blackstone's involvement.  Accordingly, Plaintiffs cannot now seek to circumvent the same deadlines they helped create.  In the absence of good cause, Plaintiffs will not be permitted leave to file a third amended complaint.

### III.  ORDER

Plaintiffs' motion for leave to file a third amended complaint (Dkt. No. 40) is DENIED.  The hearing scheduled for June 16, 2016, is VACATED.

**IT IS SO ORDERED.**

Dated:  June 9, 2016



EDWARD J. DAVILA
United States District Judge